UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY ROSS,

        Plaintiff,

v.                                                 Hon. Jane M. Beckering

JOY CAMPANELLI, et al.,                          Case No. 1:26-cv-1048

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who apparently resides in Houston, Texas, filed his pro se complaint in this case on March 30, 2026, against Defendants Joy Campenelli, Genine D. Edwards, and Brian Gottlieb. (ECF No. 1.) Having granted Plaintiff's motion to proceed as a pauper (ECF No. 5), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). I conclude that the complaint must be dismissed for lack of subject matter jurisdiction and because it fails to state a claim.

Plaintiff's complaint contains one sentence that is anything close to a factual allegation: "Defendants had ex parte communication." (ECF No. 1 at PageID.1.) The two remaining statements assert that "[t]his case is within federal jurisdiction," and "demand[] damages to be decided by the Court." (*Id.*) This is the entirety of Plaintiff's allegations.

It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Plaintiff's complaint, which

contains one vague factual allegation, fits comfortably within *Apple*'s standard for dismissal for lack of subject matter jurisdiction.

The complaint also fails to state any cognizable claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

The complaint falls well short of the *Twombly*/*Iqbal* standard. No plausible claim is alleged.[1]

Accordingly, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  April 6, 2026                                    /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] Although Plaintiff provides no factual detail about Defendants, it appears from a Google search that Campenelli and Edwards are judges in the State of New York judicial system and have no connection with this district or Michigan. I note that a Plaintiff named John Shapario, allegedly from Anchorage, Alaska, sued Joy Campenelli in this Court on December 18, 2025. The envelope enclosing Shapiro's complaint, like the envelope enclosing Plaintiff's complaint in this action, contained a New York, New York postmark.